NOT DESIGNATED FOR PUBLICATION

No. 120,884

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BILLY F. STATEN JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC WILLIAMS, judge. Opinion filed April 10, 2020. Appeal dismissed.

*Kasper Schirer*, of Kansas Appellate Defender Office, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., WARNER, J., and WALKER S.J.

PER CURIAM: Billy Staten Jr. appeals the district court's decision revoking his probation and imposing his original sentence after he admitted committing another offense. But because Staten has already served his underlying prison sentence, this court cannot provide him the relief he seeks. We therefore dismiss this appeal as moot.

FACTUAL AND PROCEDURAL BACKGROUND

In June 2018, Staten pleaded guilty to one count of criminal threat. The district court sentenced him to a 7-month prison sentence followed by 12 months of postrelease

1

supervision; it then suspended this underlying sentence and granted Staten 12 months' probation.

In January 2019, the State moved to revoke Staten's probation, alleging he had committed a new offense, failed to make court-ordered payments, and failed to complete an anger management program. Most notably, the State alleged Staten had been found in possession of a device that can relabel and adulterate pharmaceuticals—a federal criminal offense. At a dispositional hearing, Staten stipulated to the alleged violations. Staten's probation officer recommended a 60-day jail sanction and 1-year extension of Staten's probation; the State asked the court to impose Staten's original sentence, particularly due to the public safety risks associated with the new federal offense.

The district court revoked Staten's probation. Because Staten had committed a new offense, the district court found Staten was not amenable to probation and imposed his original 7-month prison sentence, effective immediately, followed by a 12-month term of postrelease supervision. Staten then appealed.

Staten completed his prison sentence in July 2019—while his appeal was pending but before he filed his brief—and was released to postrelease supervision.

DISCUSSION

On appeal, Staten argues that although he stipulated to conduct constituting a federal criminal offense, the district court abused its discretion in revoking his probation and ordering him to serve his underlying prison sentence. But see K.S.A. 2018 Supp. 22-3716(c)(8)(A) (a court may revoke probation and impose the underlying prison sentence instead of any intermediate sanctions when a defendant convicted of a felony commits a new offense). We do not reach the merits of this claim, however, because Staten's claim no longer presents a justiciable controversy.

In its brief, the State contends Staten's appeal is moot because he has already served his prison sentence, and therefore that sentence cannot be suspended or reversed. See *State v. Kinder*, 307 Kan. 237, 243, 408 P.3d 114 (2018) ("[B]ecause [defendant's] sentence of confinement already has been served, there can be no sentence to be suspended. And if there is no sentence, it obviously cannot be exchanged for probation."); *State v. Montgomery*, 295 Kan. 837, 844, 286 P.3d 866 (2012) (finding an appeal from a probation revocation moot because the defendant had served his entire sentence, and any action taken by the appellate court would have no effect on defendant's rights). We agree.

Kansas courts generally do not decide moot questions or render advisory opinions. 295 Kan. at 840. Rather, our courts "'determine real controversies relative to the legal rights of the persons and properties which are actually involved in the particular case brought before'" them and "'adjudicate those rights in such a manner that the determination will be operative, final, and conclusive.'" 295 Kan. at 840. In other words, a justiciable controversy has "'adverse legal interests that are immediate, real, and amenable to conclusive relief.'" 295 Kan. at 840.

Mootness is a doctrine of court policy, not a question of jurisdiction; this court's review of mootness is unlimited. 295 Kan. at 841. In assessing whether an issue has become moot, we consider whether "'it is clearly and convincingly shown the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and it would not impact any of the parties' rights.'" 295 Kan. at 840-41.

Similar to the defendant in *Montgomery*, Staten stipulated to his violation of the terms and conditions of his probation; he merely contests the resulting punishment. But Staten completed his seven-month prison sentence in July 2019. As in *Montgomery*, this court cannot change the sanction imposed for the probation violation because the prison

term Staten was ordered to serve has already been completed. As such, any decision this court could reach about the appropriateness of ordering Staten to serve his underlying sentence would not impact Staten's rights. We therefore dismiss the appeal as moot.

Appeal dismissed.